IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY and THE BURLINGTON INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs | ) ) | Case No. |
| v. | ) ) | |
| DARNELL HAIRSTON and SPECIALTY INDUSTRIES, INC. | ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, The Burlington Insurance Company ("TBIC") and Evanston Insurance Company ("Evanston"), by and through their undersigned counsel, file this Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201, stating as follows:

**INTRODUCTION**

1. TBIC and Evanston provide commercial liability insurance to Specialty Industries, Inc. ("Specialty") under insurance policies with combined limits of $9 million, as more fully described below.

2. In December 2021, judgments were entered against Specialty in a personal injury lawsuit captioned *Hairston v. Specialty Industries, Inc.*, Case No. 17-4993-NO in the Circuit Court for Ottawa County, Michigan (the "Underlying Lawsuit"). The judgments awarded damages, interest, and sanctions totaling $13,729,898.06. After the judgments were entered, TBIC and Evanston paid their full policy limits plus interest on behalf of Specialty in partial satisfaction of the judgments.

1

3. On February 9, 2022, the plaintiff in the Underlying Lawsuit, Darnell Hairston, as Specialty's assignee, filed a motion for supplemental proceedings in the Underlying Lawsuit. In his motion, Mr. Hairston seeks discovery to support a yet-unfiled claim that TBIC and Evanston failed to pursue settlement in the Underlying Lawsuit in good faith and are liable as a result for the excess balance of the judgments and for other related damages.

4. TBIC and Evanston fulfilled their obligations to Specialty in connection with the Underlying Lawsuit reasonably and in good faith and are not liable to Hairston or Specialty beyond their respective policy limits, which they have already paid.

5. TBIC and Evanston seek this Court's declaration that have no liability for the unsatisfied portion of the underlying judgments or for any purported damages related to the judgments.

## PARTIES

6. Evanston is an Illinois surplus lines insurance company with its principal place of business in Rosemont, Illinois.

7. TBIC is an Illinois insurance company with its principal place of business in Connecticut.

8. Specialty is a Michigan Corporation with its principal place of business in Michigan.

9. Mr. Hairston is resident of the state of Michigan.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Underlying Lawsuit was adjudicated in the Circuit Court of Ottawa County, which is located in this district.

12.     An actual controversy exists between the parties regarding TBIC and Evanston's purported liability for the unsatisfied portion of the judgment entered in the Underlying Lawsuit, which controversy is subject to resolution under 28 U.S.C. §§ 2201 and 2202.

## GENERAL ALLEGATIONS

**A.      The TBIC and Evanston Policies**

13.     TBIC issued Commercial General Liability Policy no. HGL0042630 to Specialty for the policy period December 1, 2015 to December 1, 2016, with a $1-million each occurrence limit of insurance (the "TBIC Policy").  A complete and accurate copy of the TBIC Policy with premium information redacted is attached as Exhibit 1.

14.     Evanston issued Commercial Excess Liability Policy no. MKLV30LE105148 to Specialty for the policy period December 1, 2015 to December 1, 2016, with an $8-million each occurrence limit of insurance applying excess of the TBIC Policy (the "Evanston Policy").  A complete and accurate copy of the Evanston Policy with premium information redacted is attached as Exhibit 2.

**B.      The Underlying Lawsuit**

15.     Mr. Hairston joined Specialty as a defendant in the Underlying Lawsuit when he filed his Second Amended Complaint in October 2018.  He filed a corrected Third Amended Complaint ("TAC") on February 25, 2021.  A complete and accurate copy of the TAC is attached as Exhibit 3.

16. In the TAC, Hairston alleged he was injured while working at a soybean processing plant in Zeeland, Michigan.

17. Hairston alleged that his injuries were caused in part by Specialty's negligence in the design, manufacture, and installation of soybean processing machinery at the plant and by Specialty's failure to provide appropriate instruction and warnings regarding the machinery's proper use.

18. TBIC defended Specialty in the Underlying Lawsuit, hiring attorney David Couch and the law firm Garan Lucow Miller, P.C. as Specialty's defense counsel.

19. Specialty notified Evanston of the Underlying Lawsuit on November 20, 2019, after which Evanston monitored the defense of the Underlying Lawsuit under its excess policy.

20. Defense and settlement strategy in the Underlying Lawsuit was guided at all times by the analysis and advice of attorney Couch.

21. Specialty, through its principal, Kevin Schalk, was kept fully informed of all defense and settlement efforts, had unrestricted access to Mr. Couch, and was included on Mr. Couch's reports and other communications to TBIC and Evanston concerning the defense of the Underlying Lawsuit and settlement strategy.

22. Throughout the pendency of the Underlying Lawsuit, Mr. Couch exchanged multiple settlement offers and demands with Mr. Hairston's counsel. Specialty was aware of every such offer and demand.

23. On Specialty's behalf, Mr. Couch participated in a mediation of the Underlying Lawsuit in June 2019, a mandatory case evaluation under Michigan Court Rule 2.403 in November 2019, and a settlement conference in December 2019.

24. Specialty was apprised of these settlement efforts and of Mr. Couch's recommendations in connection with each of them.

25. Mr. Schalk attended the December 2019 settlement conference.

26. Following a jury trial, the jury returned a verdict against Specialty in the Underlying Lawsuit on October 28, 2021.

27. On December 3, 2021, the court in the Underlying Lawsuit entered judgment against Specialty for $13,489,447.04 in damages and interest, with a separate judgment of $240,451.02 in costs and attorneys' fees. Complete and accurate copies of the judgments are attached as Exhibits 4 and 5.

28. Specialty, which was aware of Mr. Hairston's settlement demands and had access to the same information, analysis, and recommendations available to TBIC and Evanston, never disputed Mr. Couch's evaluations of Specialty's potential liability or exposure and never opposed or objected to the amount of any settlement offer prior to the entry of the verdict against Specialty.

29. After the jury returned its verdict, TBIC and Evanston made their full policy limits available to Specialty for settlement.

30. On behalf of Specialty, TBIC paid $1,108,416.87 and Evanston paid $8,640,746.94 to Hairston in partial satisfaction of the judgments. Those payments fully exhausted the limits of the TBIC and Evanston Policies.

**B.    The Settlement Agreement and Supplemental Proceedings**

31. On January 18, 2022, Specialty entered into an "Excess Judgment Settlement, Assignment, and Covenant Not to Execute Agreement" with Hairston ("the Settlement Agreement"). A complete and accurate copy of the Settlement Agreement is attached as Exhibit 6.

32. In the Settlement Agreement, Specialty purported to assign to Hairston all of its rights and claims against TBIC and Evanston relating to the handling of settlement efforts in the Underlying Lawsuit.

33. Specialty also agreed in the Settlement Agreement to pay Hairston $1 million in exchange for Hairston's covenant not to execute the unsatisfied portion of the judgments against Specialty.

34. On February 9, 2022, Hairston filed a Motion for Proceedings Supplemental to Judgment in the Underlying Lawsuit. A complete and accurate copy of Hairston's motion is attached as Exhibit 7.

35. TBIC and Evanston dispute that the Motion for Proceedings Supplemental to Judgment is a proper procedural vehicle to pursue the recovery of an excess verdict amount based on bad faith claims.

36. In his motion, Hairston seeks to compel depositions and the production of documents by TBIC and Evanston relating to the defense and attempted settlement of the Underlying Lawsuit. Hairston is using the motion and supplementary proceedings to obtain discovery on a claim for bad faith failure to settle the Underlying Lawsuit within policy limits despite the fact that neither Mr. Hairston nor Specialty has pleaded such a claim against TBIC or Evanston.

## COUNT I
**(Declaratory Relief - No Breach of Good Faith Duty to Settle)**

37. Plaintiffs restate Paragraphs 1 through 36 above as though fully set forth herein.

38. TBIC and Evanston's settlement decisions in the Underlying Lawsuit were made reasonably and in good faith.

6

39. TBIC and Evanston's respective evaluation of Hairston's settlement demands and formulation of settlement offers were based on reasonable assessments of Specialty's legal defenses and chances of victory, the anticipated apportionment of liability among the defendants, and the amount of damages likely to be awarded, all as informed by the analysis of defense counsel.

40. None of the information available to TBIC and Evanston indicated that Specialty's potential liability in the Underlying Lawsuit could approach the available $9 million policy limits.

41. The panel that conducted the November 2019 Rule 2.403 case evaluation returned an $800,000 suggested award against Specialty, which both Hairston and Specialty rejected.

42. Similarly, in a mock trial with two juries that defense counsel conducted in October 2021, the least favorable jury found $1.3 million in damages and assigned thirty percent to Specialty, resulting in a $390,000 verdict. Those results were consistent with defense counsel's assessment of a potential verdict, which was never expected to exceed available insurance limits.

43. As TBIC and Evanston thoroughly evaluated the parties' claims and defenses in the Underlying Lawsuit, followed the advice of counsel, responded promptly to all settlement demands, and actively pursued settlement throughout the litigation, their conduct with respect to settlement negotiations was reasonable and in good faith.

## COUNT II
### (Declaratory Relief – Breach of the Policies' Anti-Assignment Condition

44. Plaintiffs restate Paragraphs 1 through 36 above as though fully set forth herein.

45. The TBIC and Evanston policies each contain provisions prohibiting Specialty from assigning its rights under the policies without TBIC's and Evanston's written consent.

46. TBIC and Evanston did not consent to Specialty's purported assignment to Hairston in the Settlement Agreement of all its rights and claims against TBIC and Evanston relating to the handling of settlement efforts in the Underlying Lawsuit.

47. Moreover, TBIC and Evanston advised Specialty, prior to it entering into the Settlement Agreement, that they would not consent to any such purported assignment.

48. Specialty breached the policy conditions through its purported assignment and, accordingly, TBIC and Evanston are not liable for any portion of the judgments entered in the Underlying Lawsuit that exceed the policy limits and supplementary payments already paid under their respective policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order and Judgment:

a. Finding and declaring that TBIC and Evanston fulfilled their duty of good faith in connection with the defense and attempted settlement of the Underlying Lawsuit;

b. Finding that Specialty breached the TBIC and Evanston policies' conditions prohibiting it from transferring its rights under the policies without TBIC and Evanston's consent;

c. Finding and declaring that TBIC and Evanston are not liable to Specialty or Hairston for any damages as a result of bad faith in connection with the defense and attempted settlement of the Underlying Lawsuit;

d. Finding and declaring that TBIC and Evanston are not liable for any portion of the judgments entered in the Underlying Lawsuit that exceed the policy limits and supplementary payments already paid under their respective policies; and

e. Awarding TBIC and Evanston such other and further relief as this Court deems just and proper under the circumstances.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

| | |
|---|---|
| Dated: March 3, 2021 | Respectfully submitted, |
| */s/ Patrick D. Crandell*<br>Patrick D. Crandell<br>Margaret A. Cernak<br>COLLINS EINHORN FARRELL PC<br>4000 Town Center, 9th Floor<br>Southfield, MI 48075<br>(248) 355-4141<br>patrick.crandell@ceflawyers.com<br>margaret.cernak@ceflawyers.com<br><br>**Counsel for The Burlington Insurance Company** | */s/ Matthew S. Sorem*<br>Matthew S. Sorem<br>Nicholas E. Kelly<br>NICOLAIDES FINK THORPE<br>MICHAELIDES SULLIVAN LLP<br>10 South Wacker Drive, Suite 2100<br>Chicago, IL 60606<br>(312) 585-1400<br>msorem@nicolaidesllp.com<br>nkelly@nicolaidesllp.com<br><br>**Counsel for Evanston Insurance Company** |